MANN WYATT TANKSLEY
201 E 1st Ave.
Hutchinson, KS 67501
(620) 662-2400
(620) 662-2443 (Fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Q.R. a minor, by and through his natural mother and next friend JANE DOE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 25 CV _____ |
| | ) |
| TITAN WEBSITES, INC., | )<br>) |
| and, | )<br>) |
| JOHN DOE D/B/A HENTAICITY.COM, | )<br>) |
| Defendants. | )<br>) |

Pursuant to K.S.A. Chapter 60.

## COMPLAINT

For his cause of action against Defendants Titan Websites, Inc. and John Doe d/b/a hentaicity.com, Plaintiff Q.R., a minor, by and through his natural mother and next friend Jane Doe alleges and states:

### Parties

1. Plaintiff Q.R. ("Plaintiff") is a minor child who is domiciled in Olathe, Johnson County, Kansas. Plaintiff's claims in this matter are brought by and through his natural mother and next friend, Jane Doe, with whom he resides. At all times relevant to this Complaint, Plaintiff was physically present in the state of Kansas.

2. Defendant Titan Websites, Inc. ("Titan Websites") is a commercial entity whose principal office is located at 2313 N. 128th St., Seattle, WA, 98133-7849. Titan Websites is incorporated in the state of Washington. At all times relevant to this Complaint, Titan Websites owns and/or knowingly hosts hentaicity.com. Upon information and belief, Titan Websites may be served with process through its registered agent, Ty Holcomb at 2313 N. 128th St., Seattle, WA, 98133-7849.

3. Defendant John Doe d/b/a hentaicity.com ("John Doe"), is a commercial entity whose true identity is currently unknown. At all times relevant to this Complaint, John Doe owns and/or knowingly hosts hentaicity.com. Upon information and belief, John Doe may be served with process at any address identified during the course of discovery where they may be found to be conducting business.

## Jurisdiction and Venue

4. This Court may properly exercise personal jurisdiction over all parties. This Court has subject matter jurisdiction over this case. Venue is proper in this forum.

### *Personal Jurisdiction*

5. This Court has personal jurisdiction over Plaintiff as he is domiciled in Kansas.

6. This Court may properly exercise personal jurisdiction over Titan Websites and John Doe (collectively "Defendants") under K.S.A. § 60-308(b)(1)(A) as Defendants, at all times relevant to this Complaint, have engaged in business in the state of Kansas via consumer transactions. Defendants are further subject to this Court's jurisdiction pursuant to the Kansas Consumer Protection Act, specifically K.S.A. § 50-638(a).

7. This Court may properly exercise personal jurisdiction over Defendants under K.S.A. § 60-308(b)(1)(B) as they have committed a tortious act within the State by allowing Plaintiff, who

is a minor, to access content that is harmful to minors without employing reasonable age verification as required by K.S.A. § 50-6,146.

8. In the alternative of, or in addition to the above paragraph, this Court may properly exercise personal jurisdiction over Defendants under K.S.A. § 60-308(b)(1)(G)(i)-(ii) as Defendants caused an injury to Plaintiff, who is a minor, through an act or omission which took place outside of the state of Kansas while: (i) they were engaged in solicitation or service activities in the state of Kansas; and/or (ii) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed in the state of Kansas in the ordinary course of trade or use.

9. This Court may properly exercise personal jurisdiction over Defendants under K.S.A. § 60-308(b)(1)(L) as Defendants maintain minimum contacts with Kansas such that maintaining this lawsuit does not offend traditional notions of fair play and substantial justice.

*Subject Matter Jurisdiction*

10. This Court has subject matter jurisdiction over the cause of action under 28 U.S.C. § 1332(a) given the parties diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00.

11. This Court has subject matter jurisdiction over this case pursuant to the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq.* as Defendants have engaged in consumer transactions in the state of Kansas.

*Venue*

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 2255(c) because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the judicial district where this action is brought.

**Background Facts**

13. Defendants intentionally operate a global network of internet websites, including hentaicity.com and numerous other websites, for which content stored on those sites originate from media servers operated and/or controlled by Defendants.

14. Hentaicity.com is a pornography website that knowingly shares or distributes material containing nudity, sexual conduct, sexual excitement and/or sadomasochistic abuse.[1] Such material appears on 25% or more of hentaicity.com's web pages when viewed on said website any calendar month. This material is considered "harmful to minors" as, when taken as a whole, an average adult person and/or a reasonable person would find such material: (1) has a predominant tendency to appeal to a prurient interest in sex to minors; (2) is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors; and (3) lacks serious literary, scientific, educational, artistic or political value for minors.

15. To illustrate this fact, Defendants describe the content on their website as: "free HD hentai porn videos, hot anime sex, naughty cartoon XXX and 3D hardcore movies. Tons of adult comics, doujinshi and manga to read." Furthermore, when one googles their website, "Rough Sex Porn Videos" is the fourth result listed:

---

[1] True and correct screen captures of Defendants' website http://www.hentaicity.com taken on Feb. 04, 2025, attached as Exhibit A and incorporated by reference herein, are subject to a pending Motion to Seal.



16. At all times relevant, Defendants provided the technology and resources necessary to store and maintain the electronic files and applications associated with hentaicity.com on a computer server in order for it to be accessible via the internet.

*Defendants' Targeting of Kansas Citizens*

17. Defendants do a substantial amount of business in Kansas through hentaicity.com as they engage in selling subscriptions and advertisements to Kansas Citizens, and/or profit from the web traffic of Kansas Citizens.

18. Furthermore, Defendants have expressly aimed hentaicity.com at Kansas Citizens such as Plaintiff.

19. Defendants have contracted with Reflected Networks, a content delivery network ("CDN"), to enhance the speed and performance of hentaicity.com for users in and around Olathe, Kansas.

20. A CDN is a network of servers that cache content closer to a website's users, enabling faster and more reliable communication between a website and its end users despite the parties' geographic distance.[2] This network is organized into strategically placed points of presence ("PoPs") in high traffic internet areas worldwide. These PoPs house edge servers which deliver cached content to nearby users.[3]

21. In simpler terms, a CDN replicates a website's original content and distributes these copies across its global network of PoPs. By placing these copies in edge servers geographically closer to users, a CDN significantly enhances speed, reliability, and the overall user experience for a website.

22. For websites hosting high-definition videos or streaming content, a CDN ensures efficient and uninterrupted playback for users near those edge servers. This service is critical for any website as users tend to drop off quickly when a website slows down.[4]

23. In the present case, Defendants have contracted with Reflected Networks to cache and deliver hentaicity.com's content through edge servers strategically located closer to Kansas residents, enabling faster access and less buffering as opposed to their more distant Washington based servers.

---

[2] Cloudflare, *What Is a CDN?*, https://www.cloudflare.com/learning/cdn/what-is-a-cdn/ (last visited Dec. 18, 2024).
[3] CacheFly, *Why Points of Presence (PoPs) Are Pivotal for Optimal CDN Performance*, https://www.cachefly.com/news/why-points-of-presence-pops-are-pivotal-for-optimal-cdn-performance/#:~:text=Each%20PoP%20contains%20a%20group,deliver%20what%20you%20need%20quickly (last visited Dec. 18, 2024).
[4] Cloudflare, *What Is a CDN?*, https://www.cloudflare.com/learning/cdn/what-is-a-cdn/ (last visited Dec. 18, 2024).

24. Furthermore, Defendants have contracted with ad networks such as Exoclick, Adenium, and Adsterra to help monetize traffic on their website traffic in Kansas.[5]

25. Generally, ad networks serve as sophisticated intermediaries who connect advertisers with websites that attract traffic from the advertiser's target audience.[6] Through these networks, advertisers can purchase ad space on websites in exchange for fees based on the volume of traffic generated while their advertisements are displayed.[7]

26. In the present case, by using ad networks, Defendants have received payments from advertisers for the traffic Plaintiff and other Kansas citizens generated on hentaicity.com.

27. Despite expressly aiming their website at Kansas citizens and profiting from web traffic in Kansas, Defendants have failed to ensure that hentaicity.com complies with Kansas law, which requires pornographic websites to employ age verification measures, either through a "commercially available database" that can verify age and identity, or "any other commercially reasonable method of age and identity verification." K.S.A. § 50-6,146(a)(1)-(2).

28. Defendants have not implemented reasonable age verification methods as mandated by K.S.A. § 50-6,146(a)(1)-(2) to verify the age of its end users on hentaicity.com. Instead, minors who visit the website are immediately presented with sexual material harmful to minors with no form of verification needed. This practice wholly fails to comply with the requirements of Kansas law.

---

[5] Hentaicity, *Advertisement Page*, https://www.hentaicity.com/advertisement/ (last visited Jan. 21, 2025)
[6] Ad Network, *AppsFlyer Glossary*, https://www.appsflyer.com/glossary/ad-network/ (last visited Jan. 21, 2025).
[7] ExoClick, *What is an Ad Network?*, YouTube (May 11, 2022), https://www.youtube.com/watch?v=_XpObOh4fM4&ab_channel=ExoClick (last visited Jan. 21, 2025).

### *Q.R.'s Access to hentaicity.com*

29. Q.R. is a 14-year-old minor child who is domiciled in Olathe, Kansas with his natural mother and next friend Jane Doe. Jane Doe has taken steps to monitor her son's devices for pornography as she recognizes the danger that such material poses to boys like Q.R. during this developmental stage of his life.

30. However, on August 12, 2024, Q.R. found Jane Doe's old laptop in her closet. She had stored the device there a couple of years ago after purchasing a new laptop and had since forgotten about it. Unfortunately for Q.R., it was still in working condition.

31. That night Q.R., using his mother's old laptop, had unfettered access to the internet and began searching for pornography.

32. Through this time, Q.R. was able to access hentaicity.com on twelve different instances.

33. During these instances, Defendants' presented Plaintiff with hardcore pornography, including a video titled "Tormented Revenge Hypnosis: Hypnotized schoolgirls gets first anal creampie."

34. Indeed, upon information and belief, Defendants use their own proprietary SEO optimization strategies, proprietary algorithms, website design, and content curation to target Q.R. based on his personal data and search history so they may curate specific content for him based on these metrics.

35. These algorithms and content curation processes drove Q.R. to the hentaicity.com, where he was delivered specific content tailored to him. Thus, this process amounts to Defendants' own content creation.

36. Q.R. has been harmed by viewing hentaicity.com's content and material. Had Defendants employed reasonable age verification techniques, as required by Kansas law, Q.R. would not have been able to view their material.

## Count 1

### *Plaintiff Q.R.'s Claim Against Defendants Titan Websites, Inc. and John Doe d/b/a hentaicity.com for Their Violations of K.S.A. § 50-6,146*

37. Plaintiff incorporates all the preceding paragraphs here by reference.

38. Defendants are commercial entities that knowingly share or distribute materials that are harmful to minors on hentaicity.com. In conjunction with this claim, or in the alternative, Defendants knowingly host hentaicity.com.

39. As such, under Kansas law, Defendants have a duty to verify that any person attempting to access hentaicity.com, who is a resident of Kansas or located in Kansas at the time of such attempted access, is 18 years of age or older.

40. Defendants failed to implement reasonable age verification methods regarding access to hentaicity.com as required by K.S.A. § 50-6,146(a)(1)-(2).

41. As Plaintiff, who is a resident of Kansas, and was located in Kansas at all times relevant to this Complaint, was able to access hentaicity.com on twelve separate instances, Defendants are each liable for twelve separate violations of K.S.A. § 50-6,146.

42. Consequently, pursuant to K.S.A. § 50-6,146 Plaintiff prays for judgment against Defendants in an amount in excess of $75,000.00 for:

    a. actual damages resulting from Q.R.'s access to material that is harmful to minors, including but not limited to past medical expenses, future medical expenses, past and future lost services and disability, past and future pain, suffering, and disability;

b. statutory damages in an amount not less than $50,000 per violation, regardless of whether any third-party content hosted by Defendants harmed Plaintiff;

c. reasonable attorney fees and costs of this action; and

d. for such other and further relief as this Court deems just and equitable.

## Count 2

### *Plaintiff Q.R.'s Claim Against Defendants Titan Websites, Inc. and John Doe d/b/a hentaicity.com for Unconscionable Acts or Practices.*

43. Plaintiff incorporates all the preceding paragraphs here by reference.

44. For purposes of the remedies and penalties provided by the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq.*, pursuant to K.S.A. § 50-6,146(d)(1), Defendants are deemed a supplier and Plaintiff is deemed a consumer.

45. Defendants knowingly took advantage of Plaintiff's inability to reasonably protect his interests due to his age, limited knowledge of the internet, ignorance of available protections for minors, and inability to understand the terms and conditions of use. Defendants were aware that minors like Plaintiff may not understand the terms and conditions of their sites, the legal protections that should have been available to them, and/or the harm associated with viewing content that is harmful to minors.

46. Despite this, Defendants shared, distributed, and/or knowingly hosted sexually explicit material on hentiacity.com, without implementing reasonable age verification methods restricting access to hentiacity.com as required by K.S.A. § 50-6,146(a)(1)-(2).

47. Furthermore, as Plaintiff, who is a citizen of Kansas and was located in Kansas at all relevant times, was able to access hentaicity.com on twelve separate instances, Defendants have each committed twelve separate violations of K.S.A. § 50-6,146, which holds that each such

violation is an unconscionable act or practice under the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq*.

48. As such, Defendants have each committed twelve separate violations of the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq*. including, but not limited to, violations of K.S.A. § 50-627.

49. Consequently, Plaintiff prays for a judgment against Defendants in an amount in excess of $75,000.00, for:

    a. Damages, or civil penalties pursuant to K.S.A. § 50-636(a) of not more than $10,000 per violation of the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq*., whichever is greater, regardless of whether any third-party content hosted by Defendants harmed Plaintiff;

    b. reasonable attorney fees and costs of this action pursuant to K.S.A. § 50-634(e); and

    c. for such other and further relief as this Court deems just and proper.

## Count 3

*Plaintiff Q.R.'s Claim of Negligence Against Defendants Titan Websites, Inc. and John Doe d/b/a hentaicity.com*

50. Plaintiff incorporates all the preceding paragraphs here by reference.

51. At all times relevant to this complaint, Defendants owed a duty to Plaintiff to use that degree of care exercised by a reasonably careful designer, manufacturer, seller, distributor, and/or installer in the same business as Defendants.

52. Defendants are negligent and 100% at fault for Plaintiff's damages by failing to implement reasonable age verification methods on their website hentaicity.com so as to protect minors, such as Plaintiff, from their content which is considered to be harmful to minors.

53. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue in the future to suffer the following damages:

   a. Pain, suffering, disability, disfigurement, and mental anguish;

   b. Psychological injury;

   c. Past and future loss of enjoyment and pleasure of living; and

   d. Past and future expenses of necessary medical care and treatment.

54. All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

55. Consequently, Plaintiff prays for a judgment against Defendants in an amount in excess of $75,000.00, Plaintiff's costs incurred herein, and for such other and further relief as this Court deems just and proper.

## Count 4

*Plaintiff Q.R.'s Claim of Negligence Per Se Against Defendants Titan Websites, Inc. and John Doe d/b/a hentaicity.com*

56. Plaintiff incorporates all the preceding paragraphs here by reference.

57. Defendants have a duty to comply with Kansas Law.

58. Defendants breached that duty by failing to implement reasonable age verification methods as required by K.S.A. § 50-6,146(a)(1)-(2).

59. K.S.A. § 50-6,146 was enacted with the goal of protecting minors in Kansas from being harmed by content that is harmful to minors, such as pornography.

60. Plaintiff, who is a minor, is therefore in the class of persons K.S.A. § 50-6,146 was intended to protect. Furthermore, Plaintiff's damages incurred due to Defendants' lack of age verification are the type of harm K.S.A. § 50-6,146 was enacted to prevent.

61. Accordingly, Defendants are negligent per se.

62. As a direct and proximate result of Defendants' acts and omissions in this regard, Plaintiff has suffered and will continue in the future to suffer the following damages:

   a. Pain, suffering, disability, disfigurement, and mental anguish;

   b. Psychological injury;

   c. Past and future loss of enjoyment and pleasure of living; and

   d. Past and future expenses of necessary medical care and treatment.

63. All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

64. Consequently, Plaintiff prays for a judgment against Defendants in an amount in excess of $75,000.00, Plaintiff's costs incurred herein, and for such other and further relief as this Court deems just and proper.

## Demand for a jury trial

65. In accordance with applicable Kansas law, Plaintiff Q.R., by and through his natural mother and next friend, Jane Doe respectfully demands a trial by a jury of twelve persons for all issues raised in his Complaint.

Dated: May 12, 2025

Respectfully submitted,

 /s/ Joshua W. Ruhlmann
Michael J. Wyatt         (#23260)
Joshua W. Ruhlmann       (#29778)
MANN WYATT TANKSLEY
201 E. 1st Ave.
Hutchinson, KS  67504-1202
(620) 662-2400
(620) 662-2443 (Fax)
mike@mannwyatt.com
josh@mannwyatt.com

and

Danielle Pinter*
Benjamin W. Bull*
Christen M. Price*
Victoria Hirsch*
Khari James*
NATIONAL CENTER ON
SEXUAL EXPLOITATION
1201 F St., NW, Suite 200
Washington, DC 20004
P: 202-393-7245
E: dpinter@ncoselaw.org
bbull@ncose.com
cprice@ncoselaw.org
vhirsch@ncoselaw.org
kjames@ncoselaw.org

*Pro hac vice motions forthcoming*

*Attorneys for Plaintiff*